IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHN WALKER                                                                                           PLAINTIFF

V.                                                                         CAUSE NO. 3:25-CV-00131-JMV

MISSISSIPPI GOVERNOR TATE REEVES, et al.                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of John Walker, who challenges the conditions of his confinement under 42 U.S.C.§ 1983. Upon due consideration of Walker's allegations and the applicable authority, the Court finds that Walker's claims should be dismissed for failure to state a claim upon which relief can be granted.

### Screening Standards

Because Walker has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead

---

[1]*See* Doc. #5.
[2]*See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

"enough facts to state a claim to relief that is plausible on its face"). As Walker consented to United States Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), *see* Doc. #8, the undersigned has the authority to enter this order and the accompanying judgment.

## Plaintiff's Allegations and Procedural Posture

Walker, an inmate in the custody of the Mississippi Department of Corrections ("MDOC") is currently housed at the Marshall County Correctional Facility located in Holly Springs, Mississippi. In the instant matter, Walker complains generally about the applicability of certain Mississippi statutes related to parole eligibility and opines that the parole process utilized in Mississippi is unconstitutional. Walker names Mississippi Governor Tate Reeves and unidentified Mississippi legislators as defendants in this action. By way of relief, Walker requests that this Court render certain Mississippi statutes unconstitutional. On June 5, 2025, the Court entered an Order directing Walker to show cause why his claims should not be dismissed for failure to state a claim upon which relief can be granted. *See* Doc. # 9. To date, no response has been filed.

## No Constitutional Rights Derived from Mississippi's Parole Statutes

Walker's complaint consists entirely of conclusory allegations that certain Mississippi statutes governing parole eligibility should be held unconstitutional. To the extent that Walker's claims are based upon a violation of Mississippi's parole statutes, they should be dismissed because a violation of state law does not, alone, give rise to an action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982).

Though Walker does not actually argue that he is eligible for parole, eligibility for parole is a matter of state law as there is no recognized right to parole under federal law. *See Greenholz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). A state can, however, create a liberty interest protected by the Due Process Clause when

2

it has a system of *mandatory* parole. *Wansley v. Mississippi Dept. of Corrs.*, 769 F.3d 309, 312 (5th Cir. 2014) (emphasis added). Both the Mississippi Supreme Court and the Fifth Circuit Court of Appeals have held that Mississippi's permissive parole statutes do not create such a liberty interest, "and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied." *Smith v. Mississippi Parole Bd.*, 478 F. App'x 97, 99 (5th Cir. 2012); *see also Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987)(citing *Irving v. Thigpen*, 732 F.2d 1215, 1217-1218 (5th Cir. 1984) (holding "the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach"); *Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983) (holding that the Mississippi parole law provides only "a mere hope that the benefit will be obtained"); Miss. Code Ann. § 47-7-1, *et seq.* Because Walker has no constitutionally recognized right to parole, any claim regarding his eligibility for parole under § 1983 must fail.

### No Personal Involvement Identified by Plaintiff

Even assuming, *arguendo*, that Walker had a constitutionally recognized right to parole, his claims against Mississippi Governor Tate Reeves and "Mississippi Legislators Senators" and "Mississippi Legislators House of Representatives" fail to state a claim upon which relief can be granted. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a "supervisory official". *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *see also Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (noting that a subordinate's acts do not trigger any individual liability under Section 1983). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th

Cir. 1983)). There are only two scenarios in which a supervisory official may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Walker's complaint contains no allegations of personal involvement by Defendants Reeves nor the unidentified Mississippi legislators. Rather, Walker merely asserts that they held elected positions at the time the complained-of statutes enactment. To be sure, Walker's allegations are wholly generalized and conclusory. In short, Defendants Reeves and Mississippi Legislators have been named defendants in this action merely due to their positions of authority within the state; thus, they should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

## Conclusion

Based on the foregoing discussion, the Court finds that Walker has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Walker is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 21st day of July, 2025.

/s/ Jane Virden
UNITED STATES MAGISTRATE JUDGE